# EXHIBIT 1



Perkins Coie LLP  
2525 East Camelback Road  
Suite 500  
Phoenix, AZ 85016

T. +1.602.351.8000  
F. +1.602.648.7000  
perkinscoie.com

December 12, 2024

Kristine J. Beaudoin  
KBeaudoin@perkinscoie.com  
D.  +1.602.351.8395

**VIA EMAIL**

Ariadne Ellsworth  
Debbie Greenberger  
Sonya Levitova  
**Emery Celli Brinckerhoff Abady Ward & Maazel LLP**  
aellsworth@ecbawm.com  
dgreenberger@ecbawm.com  
slevitova@ecbawm.com

Sarah Bradshaw  
Nate Kakazu  
**Sharp Law LLP**  
sbradshaw@midwest-law.com  
nak@midwest-law.com

Re: Proposed De-Designation of Confidential Investigation Memoranda in *In re Subpoena to Perkins Coie, LLP*, No. 2:10-mc-00038 (S.D. Ohio)

Dear Counsel:

I write in response to Plaintiffs' recent request that non-party Perkins Coie de-designate certain interview materials it produced as "Confidential" pursuant to the Protective Order. [Dkt. 85] As requested, this letter sets forth in writing our position.

As we have discussed on multiple occasions, our primary concern is and has been maintaining the confidentiality of sensitive information to protect the privacy and well-being of the survivors and witnesses involved in our investigation. Although we remain open to potentially de-designating specific interview memoranda as appropriate, before affirmatively agreeing to do, we would like to better understand the rationale behind Plaintiffs' request.

Perkins Coie, as you know, is not a party to the underlying litigation. That said, we understand from the docket that full fact discovery has not yet begun. [Dkt. 72 at 8] It is thus unclear to us with whom Plaintiffs intend to share the confidential memoranda and for what purpose.

Moving from the general to the specific, we are particularly concerned about the potential for re-traumatization of survivors who are not participating in the litigation, media and online harassment of witnesses who bravely came forward and shared sensitive personal information in a high-profile investigation, and other exposures that could arise from broader disclosure of these documents outside this litigation. Moreover, some

December 12, 2024
Page 2

memoranda contain medical information and other highly sensitive personal information that is wholly irrelevant to the litigation, even viewing the issues broadly.

In short, although we intend to continue cooperating with reasonable requests from the parties as the litigation needs evolve, we remain mindful of the toll such a public and sensitive lawsuit takes on everyone involved, and particularly on witnesses. It is thus crucial to protect this information from unnecessary disclosure wherever possible.

We are optimistic that a satisfactory middle ground here can be adopted with further discussion. For example—and even though Section 6(c) of the Protective Order already permits the disclosure of Confidential information to a broad group of individuals for purposes of advancing the litigation—we may be comfortable expanding the universe of individuals who can access and review interview memoranda marked "Confidential." Likewise, we would potentially be open to sharing electronic documents with witnesses and deponents, to the extent not already permitted by the Protective Order. But even with these or other revised procedures, we still need to provide appropriate safeguards to protect the sensitive information in these inherently sensitive documents to ensure that any such expansion does not include individuals or entities that could compromise the privacy and safety of those involved.

In light of what we hope you will agree are reasonable concerns and limitations, we would appreciate if you could provide us with more information regarding the specific reasons for your request to de-designate the interview memoranda marked "Confidential" and the intended recipients of any de-designated documents. We would also be willing to jointly request a status conference with the Court to seek assistance in striking a balance between disclosure and protecting the privacy and safety of the individuals who voluntarily came forward—often reluctantly—to provide information helpful to our investigation.

While we are mindful that it may ultimately become necessary to de-designate certain interview memoranda, we take our commitment to confidentiality seriously and, consistent with our detailed and extensive public report, feel strongly about protecting the witnesses and survivors who do not want to be the subject of intense media and public scrutiny in which their deeply personal experiences are unnecessarily (but predictably) disclosed.

We look forward to your response and hope to reach a mutually agreeable solution that balances the importance of confidentiality with the needs of the litigation.

Sincerely,

Kristine J. Beaudoin