IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**In re: Subpoena to Perkins Coie LLP**　　　　　　　**Case No. 2:19-mc-38**
　　　　　　　　　　　　　　　　　　　　　　　　**Magistrate Judge Elizabeth P. Deavers**

## OPINION AND ORDER

This matter is before the Court to consider the Motion for Further Protective Order filed by Perkins Coie LLP ("Perkins Coie"). (ECF No. 91.) Plaintiffs in the underlying cases originally filed as *Snyder-Hill v. The Ohio State University*, Case No. 2:18-cv-736 ("*Snyder-Hill*") and *Garrett v. The Ohio State University*, Case No. 2:18-cv-692 ("Garrett") have filed a Response. (ECF No. 94.) Perkins Coie has filed a Reply and the matter now is ripe for decision. (ECF No. 95.) For the following reasons, the Motion is **GRANTED, in part and DENIED, in part.** Further, because the Court is able to resolve the dispute without the need for additional argument, Perkins Coie's request for oral argument is **DENIED.**

**I.**

First, some background. Briefly, as the Court previously has discussed at some length, in April 2018, the Ohio Attorney General appointed Porter Wright to serve as Special Counsel to The Ohio State University for purposes of an investigation into the sexual misconduct allegations surrounding Dr. Richard Strauss. (*See Opinion and Order* dated May 8, 2024, ECF No. 89.) In turn, on April 27, 2018, Porter Wright retained Perkins Coie to "conduct an independent factual investigation." (*Id.*)

During its investigation, Perkins Coie conducted approximately 600 interviews with 520 interviewees. The witness categories included "Survivors," "Other Student Witnesses," "Former University Employees," "Current University Employees," and "Third Party/Non-OSU

Witnesses."  More specifically, Perkins Coie interviewed 177 "Survivors."  Perkins Coie also interviewed 94 "Other Student Witnesses," 169 "Former University Employees," 53 "Current University Employees" and 27 "Third Party/Non-OSU Witnesses."  (*Id.*)   Litigation relating to the Strauss allegations remains ongoing in this Court across five separate cases (the "Underlying Litigation").[1]

By Opinion and Order dated, May 8, 2024, the Court, *inter alia*, directed Perkins Coie to produce interview memoranda, in either final or draft form, as applicable.  (*Id.*)   Prior to that Opinion and Order, on February 22, 2024, the Court had entered a Protective Order in this case at the parties' request substantively similar to the protective orders entered in the Underlying Litigation.[2]  (ECF No. 85.)  Perkins Coie brings it current motion pursuant to that Protective Order which provides, in relevant part:

> Any party, or any third party subpoenaed by one of the parties, may designate as Confidential and subject to this Protective Order any documents, testimony, written responses, or other materials produced in this case if they contain information that the Producing Entity asserts in good faith is protected from disclosure by statute or common law, including, but not limited to, confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Information that is publicly available may not be designated as Confidential. The designation of materials as Confidential pursuant to the terms of this Protective Order does not mean that the document or other material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

(*Id.* at § 4(a).)

---

[1] See *Doe 162 v. The Ohio State University*, Case No. 23-cv-2991; *Snyder-Hill v. The Ohio State University*, Case No. 23-cv-2993; *Knight v. The Ohio State University*, Case No. 23-cv-2994; *John Doe v. The Ohio State University*, Case No. 23-cv-2996; and *Gonzalez v. The Ohio State University*, Case No. 23-cv-3051.

[2] The Court notes Plaintiffs' attempt to distance themselves from the terms of the Protective Order entered in this case.  They suggest that they had not contemplated the use of the jointly submitted Protective Order, (*see* ECF No. 84), beyond the purpose of providing Plaintiffs a copy of Perkins Coie's engagement letter with Porter Wright, LLP.  (ECF No. 94.)  The Court finds this attempt at distancing disingenuous to the extent that Plaintiffs did not raise any issue regarding the breadth of the Protective Order's scope earlier.

The recipient of designated material is then limited to using that information "solely for purposes of prosecuting or defending [the Underlying Litigation]." (*Id.* at § 6(a).) To this end, the Protective Order permits disclosure to the following categories:

1. outside counsel of record for the parties, and the administrative staff of outside counsel's firms (including, but not limited to, the Ohio Attorney General's Office and its administrative staff);

2. in-house counsel for the parties, and the administrative staff for each inhouse counsel;

3. any party to this Action who is an individual;

4. as to any party to this action who is not an individual, to the party and those employees, former employees, directors, officers, or manager necessary to further the interest of that party, but only to the extent necessary to further the interest of that party in this litigation including, but not limited to, persons necessary to search for and locate information;

5. independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation, and only after such persons have completed the certification attached hereto as Attachment A, Acknowledgement of Understanding and Agreement to be Bound;

6. the Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this Action;

7. the authors and the original recipients of documents;

8. any court reporter or videographer reporting a deposition;

9. employees of copy services, microfilming or database services, trial support firms, and/or translators who are engaged by the parties during the litigation of this Action;

10. interviewees, potential witnesses, deponents, hearing or trial witnesses, and any other person, where counsel for a party to this Action in good faith determines the individual should be provided access to such information in order for counsel to more effectively prosecute or defend this Action (as long as the disclosure occurs in the presence of counsel, and copies, duplicates, images, or the like are not removed or retained by any interviewee, potential witness, deponent, or hearing or trial witness), provided,

>however, that in all such cases the individual to whom disclosure is to be made has been informed that the information contained in the disclosed document(s) is confidential and protected by Court Order, that the individual understands that he/she is prohibited from disclosing any information contained in the documents to anyone; or
>
>11. any other person agreed to in writing by the parties.

(*Id.* at § 6(c)(1)–(11)). Of particular note, the above categories confirm that disclosure is permitted to any person a party's counsel determines in good faith should be provided access "in order for counsel to more effectively prosecute or defend this action. (*Id.* at § 6(c)(10).) Further, it permits disclosure to any other person agreed to in writing by the parties. (*Id.* § 6(c)(11).)

The Protective Order also provides a mechanism for challenging a confidentiality designation:

>If any party challenges the Protected Information Designation of any document or information, the burden to properly maintain the designation shall, at all times, remain with the person or entity that made the designation to show that said document or information should remain protected pursuant to Federal Civil Rule 26(c). In the event of disagreement, then the designating person or entity shall file a motion pursuant to Federal Civil Rule 26(c).

(*Id.* at § 12.) According to the parties' briefing, following extensive meet and confers, Plaintiffs have challenged Perkins Coie's confidentiality designations of twelve specific interview memos. Consequently, Perkins Coie brings its current Motion pursuant to Rule 26(c).

## II.

Perkins Coie seeks a further protective order upholding its confidentiality designations of twelve specific interview memos currently being challenged by Plaintiffs. They also request that the Court extend the requested order to include the confidentiality designations on all remaining interview materials which Plaintiffs have suggested they will dispute pending the Court's ruling on the twelve memoranda currently at issue. These memoranda summarize interviews of current

4

and former OSU employee witnesses relating to the Strauss investigation undertaken by Perkins Coie.

According to Perkins Coie there is ample good cause for upholding their good faith confidentiality designations *at the current discovery stage* for several reasons, including, primarily, the privacy concerns of non-party witnesses and the potential for media scrutiny, public harassment, and security risks. More specifically, Perkins Coie argues that the memoranda contain personal information of a sensitive nature, some of which is relevant and some of which is not, that could subject the witnesses to embarrassment if disclosed publicly. Further, it asserts that, given the nature of the underlying litigation, public disclosure or dissemination could jeopardize the safety of individuals outside Perkins Coie's investigation. Finally, in Perkins Coie's view, confidentiality at the discovery stage limits non-litigation use of the interview memoranda thereby mitigating the potential for online abuse and harassment of both the witnesses and anyone a witness mentioned in their interview. Notably, Perkins Coie repeatedly acknowledges the likelihood that its confidentiality designations will come under greater scrutiny at the later-merits stage of litigation.

In response, Plaintiffs argue that the memoranda do not contain any information sufficient to identify a survivor that cannot be easily redacted or any other confidential information. In making this argument, Plaintiffs cavalierly dismiss the idea that third-party witnesses may have their own set of privacy concerns. Beyond this, Plaintiffs assert that they are likely to use these specific memoranda repeatedly in depositions and court filings and confidential treatment will create an unnecessary burden in the form of logistical hurdles. According to Plaintiffs, these logistical hurdles arise from certain provisions in the Protective Order itself. Specifically, Plaintiffs cite the following provisions:

- Confidential documents used in Court filings must be redacted, submitted for in camera review, or filed under seal.

- The party that designated the information as Confidential can exclude people from depositions when Confidential information is used.

- Confidential information cannot be freely shared with witnesses and deponents; specifically, "copies, duplicates, images, or the like [may not be] removed or retained by any interviewee, potential witness, deponent, or hearing or trial witness," which arguably limits electronic sharing of information (i.e., sending a witness a document by email or sharing exhibits for a remote deposition).

(ECF No. 94 citing ECF No. 85 at §§ 8, 10, 6(c)(10).)  Plaintiffs also claim that the witnesses were not guaranteed confidentiality or anonymity.  Finally, Plaintiffs object to any wholesale ruling on materials not properly before the Court.

In reply, Perkins Coie argues that Plaintiffs have made no attempt to rebut the justified witness privacy concerns it has raised in its Motion.  Further, Perkins Coie contends that Plaintiffs have not identified any logistical hurdle that outweighs non-party witnesses' privacy concerns.  On this issue specifically, Perkins Coie states that it already has offered its likely willingness to expand the universe of individuals who could review interview memoranda designated as "Confidential" and to permit Plaintiffs to share electronic documents with witnesses and deponents.  Finally, Perkins Coie confirms its view that redaction is not a viable solution at this stage because it would result in the functional equivalent of sealed documents.  In concluding, Perkins Coie reiterates its request that the Court issue a blanket ruling on all interview materials at this stage because the concerns it raises with respect to the twelve identified documents applies equally to all interview materials.

### III.

At the discovery stage, and where a designation subject to a blanket protective order is concerned, a party disagreeing "with the producing party's designation ... may object" in accordance with the parties' protective order. *N.T. by & through Nelson v. Children's Hosp. Med. Ctr.,* No. 1:13CV230, 2017 WL 3314660, at *6 (S.D. Ohio Aug. 3, 2017) (quoting *MSC.Software Corp. v. Altair Eng'g, Inc.,* No. 07-12807, 2012 WL 13222577, at *4 (E.D. Mich. May 17, 2012)). "When a party to a blanket protective order disputes the level of protection designated by the producing party"—following the procedures outlined in the order—"*the burden is on the producing party* to justify its designation." *Id*; *see also Brown v. Tellermate Holdings Ltd.*, No. 2:11-cv-1122, 2014 WL 2987051 (S.D. Ohio July 1, 2014) ("As the producing party, Tellermate had the burden of demonstrating entitlement to the designation.")). To meet this burden, the designating party must establish "good cause" for the level of protection selected. *Id.* (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan,* 825 F.3d 299, 305 (6th Cir. 2016))*; see also* Fed. R. Civ. P. 26(c)(1).

Despite the lengthy preamble above, the resolution of the current dispute does not require much discussion.[3] Perkins Coie largely has the better argument here, at least with respect to the twelve memoranda at issue. Although it hardly needs to be stated, the Court, to be quite clear, is not considering the issues here without years of hard-earned context. Indeed, the Court is acutely aware of the real potential for the Underlying Litigation to devolve into unconstructive chaos if information is prematurely disseminated beyond the very generous confines of the

---

[3] The Court notes that both Perkins Coie and Plaintiffs have offered to make *in camera* submissions of the memoranda at issue. Having more than a general familiarity with the nature of the interview memoranda generated during Perkins Coie's investigation, the Court declines this offer.

7

agreed upon Protective Order.  The Court cannot discern how such distraction would serve the interests of the parties in the Underlying Litigation.  This is particularly true as to Plaintiffs, who frequently confirm their desire to resolve the Underlying Litigation expeditiously.  Their choice to devote energy to this side issue here can be characterized charitably as seemingly at odds with that claimed goal.

In the face of this, Plaintiffs' arguments wholly fail to persuade, especially at this stage of the litigation.  At best, Plaintiffs claim they are burdened by "logistical hurdles."  The Court reminds Plaintiffs, however, that the provisions they now cite as burdensome were set forth in ***their own version*** of a proposed protective order filed for the Court's consideration in the Underlying Litigation.  (*See, e.g.,* ECF No. 19-1 in Case No. 2:23-cv-2993.)[4]  But, even taking their argument at face value, the Court accepts Perkins Coie's representations of its willingness to work with Plaintiffs.  And, the Court takes that offer one step further and **DIRECTS** that the parties meet and confer, as particular circumstances require, to either expand the universe of individuals able to review interview memoranda or to develop a protocol to permit the electronic sharing of documents.

At the same time, however, the Court's typical practice is not to issue blanket rulings.  It is not inclined to depart from that practice here.  Nevertheless, the Court shares Perkins Coie's concern over possible repetitive motions practice.  The Court also notes Perkins Coie's stated willingness to discuss an informal process for future challenges and **DIRECTS** the parties to meet and confer on such a process should it become necessary.  Moreover, Plaintiffs are "forewarned" that the Court is not convinced continued challenges to pre-trial discovery

---

[4] In their accompanying motion, Plaintiffs stated that "[t]he attached proposed Protective Order highlights those portions of the Order in dispute." (ECF No. 19 in Case No. 2:23-cv-2993.)  The portions Plaintiffs complain about here were not highlighted.

confidentiality designations, under the whole of the circumstances presented by the Underlying Litigation, "is a worthwhile expenditure of resources." *N.T. by & through Nelson,* 2017 WL 3314660, at *9. From the Court's lived experience, Plaintiffs have many other substantive matters to which their time could be more reasonably devoted.

In sum, the arguments raised here regarding guarantees of confidentiality and the nature of the information deemed confidential are best reserved, as necessary, for resolution if it becomes necessary for these materials to enter the judicial record in the Underlying Litigation. At that point, as Perkins Coie itself recognizes, the controlling standard for continued confidentiality protection is much higher.[5] *Shane Grp.,* 825 F.3d 299, 305 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("There is a stark difference between so-called "protective orders" entered pursuant to the discovery provisions of Federal Rule of Civil Procedure 26, on the one hand, and orders to seal court records, on the other. Discovery concerns the parties' exchange of information that might or might not be relevant to their case. "'Secrecy is fine at the discovery stage, before the material enters the judicial record.'" ).

## IV.

For the reasons stated above, Perkins Coie's Motion (ECF No. 91) is **GRANTED, in part.** Until it becomes necessary for any of these materials to enter the judicial record in the Underlying Litigation, the Court upholds Perkins Coie's confidentiality designations as to the twelve memoranda at issue here. To the extent Perkins Coie also seeks a blanket ruling

---

[5] As noted, Plaintiffs rely on Perkins Coie's alleged failure to promise confidentiality to these witnesses to support their challenges to the designations. Accepting that as true, such failure would not be inconsistent with a potential inability to **guarantee** confidentiality and anonymity as Perkins Coie's acknowledgment of the different standards suggests.

9

regarding the confidentiality of all remaining interview materials, its Motion is **DENIED**, subject to the caveat discussed above.

      **IT IS SO ORDERED.**

**Date: May 14, 2025**

                                             */s/ Elizabeth A. Preston Deavers*
                                             **ELIZABETH A. PRESTON DEAVERS**
                                             **UNITED STATES MAGISTRATE JUDGE**